Hart, J.
The record discloses that, before this action was commenced, the Director of Liquor Control issued to relatrix D-l and D-2 permits. Therefore, this action now relates solely to the refusal of the director to transfer to relatrix and to renew a D-3 permit.
The decisive question in this case is whether, assuming that there was a duty upon the respondent to transfer the permit in question in compliance with *62 the order of the Board of Liquor Control of November 30, 1951, such permit now having expired by operation of law as of November 3, 1951, the respondent may be compelled to comply with such order and especially to grant the application of the relatrix for the issuance of a D-3 permit for a later period of time.
Section 6064-20, General Code, reads in part as follows :
“Each class and kind of permit issued under authority of the Liquor Control Act shall authorize the person therein named to carry on the business therein specified at the place or in the boat, vessel or classes of dining car equipment therein described, for a period of one year commencing on the day after the date of its issuance, and no longer, subject to suspension, revocation or cancellation as authorized or required by this act * * (Italics supplied.)
It is apparent from the provisions of that section and the entire Liquor Control Act that the legislative policy of the state is to grant liquor permits for a comparatively short period of time, not to exceed one year, subject, in the meantime, to suspension, revocation or cancellation under certain circumstances named in the act. The purpose of providing such brief tenures is to give the Department of Liquor Control continuing authority to consider the renewal or cancellation of such a permit in the light of business operation under the permit by its holder, and in light of ever changing circumstances relating to the propriety of such renewal or cancellation.
The order of the Board of Liquor Control in the instant case was made on November 30,1951, whereas the permits which were the subject matter of the order had already expired on November 3,1951, after the controversy concerning their issue had become moot. The order of the Board of Liquor Control did not purport to require a renewal of the permits after their expira *63 tion date, for the very sufficient reason that the board had no jurisdiction or power to make such an order. The matter of the renewal of the permits was within the jurisdiction of the Director of Liquor Control, and this court has no jurisdiction to control his discretion in the matter. Mandamus, therefore, is not a proper remedy under the circumstances.
If the decision of the Director of Liquor Control upon the application for a renewal of a D-3 permit is not satisfactory to the relatrix, she may appeal to the Board of Liquor Control and, if necessary, to the Common Pleas Court.
The writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Taet, Matthias, Zimmerman and Stewart, JJ., concur.